## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| MARIA GARNICA,<br><br>              Plaintiff,<br><br>vs.<br><br>INDIAN HARBOR INSURANCE COMPANY; DOES I - V, and ROE CORPORATIONS I - V, inclusive,<br><br>              Defendant. | 2:21-cv-00560-JCM-VCF<br><br>**ORDER** |

Before the Court is Defendant Indian Harbor Insurance's Motion to Enlarge Time for Service. (ECF No. 29).

Defendant, Counterclaimant and Third-Party Plaintiff Indian Harbor Insurance Company seeks an extension of 90 days under Fed. R. Civ. P. 4(m) to effectuate service upon Third-Party Defendant Nelly Iran.

No opposition has been filed and the time to file an opposition has passed.

**A.     Relevant Law**

Under LR 7-2(d), the failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion. Here, it would seem as though the other parties have consented to the granting of the instant motion.

Pursuant to Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time.

But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." "The 90-day time limit imposed by Rule 4(m) expires 90 days after the first complaint in which the defendant is named..." is filed. *Bolden v. City of Topeka*, 441 F.3d 1129, 1148 (10th Cir. 2006)(emphasis added). The 90–day time limit for service does not restart each time a plaintiff files a new amended complaint. *Id*. The district court may extend time for service of process retroactively after the 90-day service period has expired. See *Mann v. American Airlines*, 324 F.3d 1088, 1090 (9th Cir.2003).

### B. Discussion

The third-party complaint was filed on July 13, 2021. The deadline to effectuate service of process was October 4, 2021. *Id*; Fed. R. Civ. P. 4(m). The third-party defendant that remains to be served is Nelly Iran. (ECF No. 29). Indian Harbor Insurance states that it has attempted service on Nelly Iran, but service was unsuccessful at the address in California on Iran's notice of claim. Indian Harbor Insurance has been unable to locate and serve Nelly Iran despite retaining an investigator.

The time to effectuate service upon the Nelly Iran expired on October 4, 2021, and Indian Harbor Insurance must make a showing of good cause or excusable neglect in order for the court to extend this deadline for an appropriate period. *See* Fed. R. Civ. P. 4(m); *Lemoge*, 587 F.3d at 1198; *Mann*, 324 F.3d at 1090 (the court may extend the deadline for service of process retroactively).

Here, the court finds that good cause warrants extending the service of process deadline.

Accordingly, and for good cause shown,

IT IS ORDERED that Defendant Indian Harbor Insurance's Motion to Enlarge Time for Service. (ECF No. 29) is GRANTED. Defendant Indian Harbor Insurance must file proof of service for Nelly Iran on or before February 1, 2022.

DATED this 3rd day of November, 2021.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE