**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| MARIA GARNICA, | 2:21-cv-00560-JCM-VCF |
| Plaintiff, | |
| vs. | **ORDER** |
| INDIAN HARBOR INSURANCE COMPANY, *et al.*, | MOTION TO STAY DISCOVERY [ECF NO. 33]; MOTION TO EXTEND TIME [ECF NO. 34] |
| Defendant. | |
| And Related Matters. | |

Defendant Indian Harbor Insurance Company filed a motion to stay discovery (ECF No. 33) or in the alternative to extend discovery (ECF No. 34). I deny the defendant's motion to stay (ECF No. 33) and grant the motion to extend discovery (ECF No. 34).

**I.      Background**

This is a complex breach of contract case regarding payments from different insurance policies related to a multi-vehicle accident. ECF Nos. 1-1 and ECF No. 33. Defendant Indian Harbor argues in its motion to stay discovery that plaintiff obtained a default judgment against a third-party at-fault driver in state court. ECF No. 33 at 4. Indian Harbor argues that it believes it is not bound by that default judgment, but it wants to take discovery on these issues in state court before taking discovery in this case. *Id.* Indian Harbor argues in the alternative that discovery should be extended by six months. *Id.* at 9. Discovery is currently set to close on February 10, 2022. *Id.*

1

The plaintiff argues in her response that she wants to take discovery regarding the merits of her claims against her insurance carrier in this case, including whether the defendant acted in good faith, without additional delay. ECF No. 37 at 2. The defendant argues in its reply that discovery should be temporarily precluded to protect the parties from undue burden or expense. ECF No. 38 at 4. There are no dispositive motions pending in this case.

**II.      Analysis**

The Rules do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending. *Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 502 (D. Nev. 2013). Whether to grant a stay is within the discretion of the court. *Munoz-Santana v. U.S. I.N.S.*, 742 F.2d 561, 562 (9th Cir. 1984). "[A] party seeking a stay of discovery carries the heavy burden of making a strong showing why discovery should be denied." *Ministerio Roca Solida*, 288 F.R.D. at 503.

Courts in the District of Nevada apply a two-part test when evaluating whether a discovery stay should be imposed. *See TradeBay, LLC v. Ebay, Inc.*, 278 F.R.D. 597, 600 (D. Nev. 2011). First, the pending motion must be potentially dispositive of the entire case or at least the issue on which discovery is sought. *Id.* Second, the court must determine whether the pending motion to dismiss can be decided without additional discovery. *Id.* When applying this test, the court must take a "preliminary peek" at the merits of the pending dispositive motion to assess whether a stay is warranted. *Id.*

To prevail on a request to amend a scheduling order under Rule 16(b), a movant must establish good cause. See *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608-09 (9th Cir. 1992). The good cause inquiry focuses primarily on the movant's diligence. See *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294-95 (9th Cir. 2000). Good cause to extend the discovery cutoff exists "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson*, 975 F.2d at 609.

There is no dispositive motion pending here, so taking a preliminary peek does not apply. Defendant asserts it would be burdensome to take discovery in this case while it is taking discovery in the related state court case. Staying discovery in this case would prejudice the plaintiff by delaying her case here. Defendant will not be unduly burdened by having to produce and take discovery in both actions. Potential prejudice to the plaintiff here outweighs any burden to the defendant. I deny defendant's motion to stay discovery. ECF No. 33.

The defendant has shown good cause to extend discovery in this case. This is a complex case. Completing discovery in this case by the end of February 2022 is not reasonable, despite the parties' diligence, given all the moving parts in this matter. The new deadlines are as follows:

1. Discovery cutoff:            August 10, 2022
2. Initial Expert Disclosures   June 10, 2022
3. Rebuttal Expert Disclosures  July 11, 2022
4. Dispositive Motions          September 9, 2022
5. Pretrial Order               October 11, 2022

Pursuant to Local Rule 26-1(b)(5), the deadline for the joint pretrial order is 30 days after the dispositive-motion deadline. If dispositive motions are filed, the deadline for filing the joint pretrial order will be suspended until 30 days after the Court's decision on the dispositive motions.

Accordingly, and for good cause shown,

I ORDER that the defendant's motion to stay discovery (ECF No. 33) is DENIED.

I FURTHER ORDER that the defendant's motion to extend discovery (ECF No. 34) is GRANTED.

DATED this 16th day of December 2021.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE